UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JODIE CORDOVA and STEVEN HART, )
individually and on behalf of all others )
similarly situated, )
)
          Plaintiffs, )
    v. )   Case No. 20-CV-2325
)
THE VALSPAR CORPORATION and )
THE SHERWIN-WILLIAMS COMPANY, )
)
          Defendants. )

## ORDER

Plaintiffs, Jodie Cordova and Steven Hart, and their counsel and Defendants, The Sherwin-Williams Company and The Valspar Corporation[1], and their counsel have negotiated a settlement of this litigation. On June 28, 2022, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (#30), requesting that this Court (1) conditionally certify the Settlement Class, (2) grant preliminary approval to the proposed Class Action Settlement, (3) approve the settlement notice and the proposed plan for settlement administration, and (4) set a date for a Final Approval Hearing no earlier than 120 days after the date of preliminary approval. After reviewing the Parties' Class Action Settlement Agreement, together with the proposed Notice of Class Action Settlement, as well as Plaintiffs' Unopposed Motion and supporting

---

[1] Defendant Valspar Corporation was merged into Defendant Sherwin-Williams Company and no longer exists as a corporation.

documents, the Court preliminarily approves the Settlement Agreement, and finds and orders as follows:

    1.    The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter. As part of the Settlement Agreement, Defendants agreed not to oppose, for settlement purposes only, conditional certification under Federal Rule of Civil Procedure 23 of the following settlement class ("the Settlement Class"):

> All current and former employees who are or were employed by The Sherwin-Williams Company or Valspar Corporation in Illinois who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, face, retina, or any biometric identifier or biometric information of any type, including any employee of The Sherwin-Williams Company or Valspar Corporation who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq., at any time through the date of preliminary approval of this Settlement, who have not excluded themselves from this Action. The term Class Members includes the Class Representatives.

The Court certifies, for the purposes of settlement only, the Settlement Class pursuant to Federal Rule of Civil Procedure 23. The Court appoints Marc Siegel, Bradley Manewith, and James Rogers of Siegel & Dolan Ltd. as Class Counsel. The Court appoints Steven Hart and Jodie Cordova as Class Representatives. The Court appoints Simpluris, Inc. as Settlement Administrator, as provided for in the Agreement.

    2.    The Court hereby preliminarily approves the settlement memorialized in the Agreement for the reasons set forth in Plaintiffs' Motion seeking preliminary approval and as set forth herein, as a fair, reasonable, and adequate resolution of a bona fide dispute between the parties. The settlement and proposed plan of allocation appears to be within the range of reasonableness of a settlement that could ultimately

be given final approval by this Court, such that notice to the Class is appropriate. The Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

3. The Court approves, as to form and content, the proposed Notice of Class Action Settlement attached to the Motion as Exhibit A. The Court finds that this procedure for notifying the Class about the Settlement as described in the Agreement provides the best notice practicable under the circumstances and therefore meets the requirements of due process.

4. If, for any reason, the Settlement Agreement ultimately does not become effective, Defendants' agreement not to oppose certification of the Settlement Class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, Plaintiffs' Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the class certified for purposes of settlement shall be decertified, and Defendants will retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiffs.

5. A hearing, for purposes of determining whether the Agreement should be finally approved, shall be held before this Court on November 21, 2022, at 10:00 a.m., at 318 U.S. Courthouse, 201 S. Vine Street, Urbana, Illinois, in Courtroom A. At the hearing, the Court will determine whether to grant final certification of the Settlement Class, final approval of the Settlement Agreement, and final judgment dismissing the Action with prejudice. The Court will also consider Class Counsel's request for an award of attorney's fees and costs and for Service Awards to be made to the Class Representatives.

6. All Class Members objecting to the terms of the Settlement must do so in writing, following the procedures set forth in the Settlement Agreement and the Notice, no later than sixty (60) days from the date of the mailing of the Class Notice to Class Members (the "Objection/Exclusion Deadline Date"). Any such objection must be in writing and filed with the Clerk of Court and sent to the Settlement Administrator, and must be filed and postmarked on or before the Objection/Exclusion Deadline Date; or said objection will not be heard.

7. Any Class Member who wishes to be excluded (*i.e.*, to Opt-Out) from the Settlement Class and not participate in the proposed Settlement must complete and deliver a written statement requesting exclusion from the Class to the Settlement Administrator no later than the Objection/Exclusion Deadline Date, as specified in the Agreement.

8. Any Class Member may enter an appearance in this action, at his or her own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance or Opt-Out of the Settlement Class will be represented by Class Counsel.

9. Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed settlement of this action should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why attorney's fees should or should not be awarded to Class Counsel, or why the Class Representatives should or should not receive extra compensation in the form of a Service Award; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Class Representative or the attorney's fees awarded to Class Counsel, unless that Class Member has, no later than the Objection/Exclusion Deadline Date, filed with the Court, and has served by first class mail on the Settlement Administrator their written objection, and copies of any papers and briefs in support thereof, explaining the basis for the objection. All timely filed and served objections shall be considered by the Court at the Final Approval Hearing and ruled upon at that time or at a reasonable time thereafter.

Any Class Member who does not timely file and serve his or her objection in the manner provided in the Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement.

10. All papers in support of final approval of the Settlement, including a Motion for Final Approval and Class Counsel's request for an award of attorney's fees and costs and Service Award for Class Representatives, shall be filed and served no later than seven (7) days prior to the Final Approval Hearing.

11. In the event that the Effective Date (as defined and explained in the Agreement) does not occur, or the Court does not grant the Final Approval Order and Final Judgment, the Agreement shall be deemed null and void; any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void *ab initio*; the class certified for purposes of settlement shall be decertified; and the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement. Defendants will retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiffs.

12.     Counsel for the parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form that they jointly agree are reasonable or necessary.

IT IS THEREFORE ORDERED THAT:

The Motion for Preliminary Approval of Class Action Settlement (#30) is GRANTED.

ENTERED this 11th day of July, 2022.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE