UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JODIE CORDOVA and STEVEN HART, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> THE VALSPAR CORPORATION and THE SHERWIN-WILLIAMS COMPANY, <br><br> Defendants. | Case No. 20-CV-2325 |

## ORDER

The Court has considered Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (#33), supporting memorandum (#34), other related materials, and representations made at a Final Approval Hearing held on November 21, 2022. The Court hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the parties' Settlement Agreement (#33-1).

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all Parties to this action, including all members of the Settlement Class.

3. The Settlement Class previously certified for settlement purposes as:

All current and former employees who are or were employed by The Sherwin-Williams Company or Valspar Corporation in Illinois who logged onto,

> interfaced with, or used any software, systems, or devices that used the individual's finger, hand, face, retina, or any biometric identifier or biometric information of any type, including any employee of The Sherwin-Williams Company or Valspar Corporation who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq., at any time through the date of preliminary approval of this Settlement, who have not excluded themselves from this Action. The term Class Members includes the Class Representatives.

is hereby finally certified as a class for purposes of settlement and is bound to the terms set forth in the Settlement Agreement.

4. The settlement memorialized in the Settlement Agreement falls within the range of reasonableness and meets the requirements for final approval.

5. Notice to the Settlement Class has been provided to the fullest extent reasonably possible in accordance with the Court's Preliminary Approval Order (#32). The substance of and dissemination of the Notice, which included direct notice through U.S. Mail and email (where an email address was available) provided the best practicable notice under the circumstances, and adequately informed the class members of the terms of the Settlement Agreement, their right to request exclusion from the Settlement Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice also adequately informed the class members of the contact information for Class Counsel and the settlement administrator, Simpluris, Inc. ("Settlement Administrator"). Thus, the Court finds that the Notice provided to the Settlement Class provided the best notice practicable under the circumstances, met the requirements of due process, and otherwise satisfied the requirements of Federal Rule of Civil Procedure 23(e)(l)(B).

6. The Settlement Agreement was the result of arm's length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and is supported by Plaintiffs and Class Counsel. The Class Representatives and Class Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Defendants in no way admit any violation of law or any liability to Plaintiffs or the Class, all such liability being expressly denied by Defendants.

7. The Court approves the Settlement Agreement as a fair, reasonable, adequate, and binding release of the claims of Plaintiffs and the Class Members. The Court has reviewed Plaintiffs' and the Class Members' releases as set forth in Section 11.4 of the Settlement Agreement, and finds them to be fair, reasonable, and enforceable.

8. The Settlement consideration, including the Gross Settlement Amount of Five Hundred and Fifty Thousand Dollars and No Cents ($550,00.00) constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds the method for distributing the Gross Settlement Amount and the consideration to be paid to each Settlement Class Member is reasonable, considering the facts and circumstances of the claims, the affirmative defenses available to Defendants, and potential risks and likelihood of success of alternatively pursing litigation on the merits.

9. No Settlement Class Member has objected to the terms of the Settlement Agreement. Likewise, no Settlement Class Member opted out of the Settlement.

10. The Settlement Agreement is finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members. The Parties

are directed to implement and consummate the Settlement Agreement according to its terms and conditions.

11.  Pursuant to the terms of the Settlement Agreement, this Settlement shall be funded by Defendants within thirty (30) business days of this Order ("Settlement Fund"). The Settlement Fund will be set up, held, and controlled by the Settlement Administrator. No other funds shall be added to or comingled with the Settlement Fund. In no event shall the Settlement Administrator withdraw, transfer, pledge, impair, or otherwise make use of the funds in the Settlement Fund except as expressly provided in the Settlement Agreement.

12. The Incentive Awards, as set forth in the Settlement Agreement, are approved and shall be awarded and paid from the Settlement Fund. Specifically, Class Representative Steven Hart shall be paid an Incentive Award in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), and Class Representative Jodie Cordova shall be paid an Incentive Award in the amount of Two Thousand Dollars and Zero Cents ($2,000.00).

13. Siegel & Dolan Ltd.'s preliminary appointment as Class Counsel is confirmed. Class Counsel is awarded One Hundred and Eighty-Three Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($183,333.33) for reasonable attorneys' fees and for reimbursement of reasonable and necessary costs. Class Counsel shall receive such payments from the Settlement Fund according to the procedures set forth in the Settlement Agreement.

14. The Settlement Administrator, Simpluris, Inc., is awarded Twelve Thousand Five Hundred and Nineteen Dollars and Zero Cents ($12,519.00) for the reasonable costs of administering the settlement. The Settlement Administrator shall receive such payments from the Settlement Fund according to the procedures set forth in the Settlement Agreement.

15. Settlement Class Members shall receive their settlement shares according to the procedures set forth in the Settlement Agreement. Class Members shall have 180 days from the date the checks are issued to negotiate, deposit, or cash their payment, and any funds remaining in the Qualified Settlement Fund shall thereafter be distributed to the cy pres charity and Defendants as set forth in the Settlement Agreement.

16. Plaintiffs and Settlement Class Members by operation of this Order are bound by the terms of the Settlement Agreement and fully release and discharge Defendants from all actions or causes of action, whether known or unknown, that the Parties agreed to release in the Settlement Agreement.

17. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Order; and (ii) do not limit the rights of the Settlement Class Members.

18. Except as otherwise provided in the Settlement Agreement or herein, the settling parties are to bear their own attorneys' fees and costs.

19. The Court hereby dismisses with prejudice the Action in its entirety and all claims contained therein. By operation of the entry of this Final Approval Order and Final Judgment, all released claims are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the releases set forth in the Settlement Agreement, as to all Class Members. The Court hereby permanently enjoins and restrains all Class Members from asserting any and all claims that were released pursuant to the Settlement Agreement.

20. This case is terminated.

IT IS SO ORDERED.

ENTERED this 28th day of November, 2022.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE